## POORMAN v WALKER, Admr.

Ohio Appeals, 1st Dist.,
Warren County

No. 203. Decided April 17th, 1942.

Frank W. Krehbiel, Dayton, for appellant.

Meryl B. Gray, for appellee.

### OPINION

**BY THE COURT:**

A reading of the bill of exceptions leads to the conclusion that the judgment should be affirmed.

Ordinarily, when services are performed for another and the other has accepted them and they are such that they are usually performed for pay, a promise to pay is implied, but this rule can have no application when it appears that the services were performed without any expectation of compensation. **3 O. Jur. 767 et seq.**

And that is the state of this record. All the witnesses testified that the services were performed just as one member of a family would for another member. There was no expectation of reward at the time.

There is the suggestion in the testimony that the plaintiff and his wife hoped that the decedent would leave a will in their favor—and that hope was disappointed. But there was no promise and if there had been, it would have been unenforceable under **§10504-3a GC,** which requires such agreements to be in writing, signed by the promissor and his signature witnessed by two competent witnesses.

While the verdict in form finds for the plaintiff on his claim and an equal amount for the decedent's estate on its cross-petition, the result as embodied in the judgment is that the plaintiff recovers nothing and is adjudged to pay the court costs.

That is the correct judgment and the court would have been justified in arresting the case from the jury and entering a judgment for the defendant.

The judgment is affirmed.

MATTHEWS, PJ., & HAMILTON, J., concur.
ROSS, J., not participating.